UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JEVON SHANE GIPSON,<br><br>　　　　　　Defendant. | CASE NO. CR08-62MJP<br><br>ORDER DENYING MOTION TO MODIFY SENTENCE |

This matter comes before the Court on Defendant Jevon Shane Gipson's motion to modify his sentence. (Dkt. No. 46.) Having reviewed the motion, the response (Dkt. No. 48), and all related papers, the Court DENIES the motion.

**Background**

On May 23, 2008, Gipson pleaded guilty to conspiracy to distribute cocaine-base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The plea agreement Gipson signed stipulated that the offense involved 200 net grams of cocaine-base and 123 net grams of cocaine HCl. (Dkt. No. 21 ¶ 9.a.) The Presentence Report determined that the Guideline range of 151 to 188 was proper, given the then-current sentencing guidelines of November 2007. The report

noted that the conviction carried a statutory mandatory minimum of 120 months. (Presentence Report ¶ 76; Dkt. No. 21 ¶ 3.a.) On August 28, 2008, the Court adopted the Presentence Report and sentenced Gipson to the mandatory minimum sentence of 120 months. (Dkt. No. 38 at 2) Defendant did not appeal his sentence or conviction. Defendant now seeks to modify his sentence citing the authority of 18 U.S.C. § 3582(c)(1)(B) and the Fair Sentencing Act of 2010.

**Analysis**

A. <u>Fair Sentencing Act</u>

Gipson relies on the Fair Sentencing Act of 2010 to suggest that it would permit a modification of his sentence. The Ninth Circuit has already ruled that the Fair Sentence Act cannot be applied retroactively to modify a sentence. <u>United States v. Baptist</u>, 646 F.3d 1225, 1229 (9th Cir. 2011). The court held that the Fair Sentencing Act, passed after the Court imposed Gipson's sentence, does not contain any express statement that it has retroactive application. <u>Id.</u> Thus, the general federal savings statute forecloses its application. <u>Id.</u>; 1 U.S.C. § 109. The Court cannot rely on the Fair Sentencing Act to modify Gipson's sentence, and DENIES the motion on this issue.

B. <u>Alternative Modification Bases</u>

Although Gipson's motion does not explicitly request modification on another basis, the Court considers and finds inapplicable any modification under 18 U.S.C. § 3582(c)(2).

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" <u>Dillon v. United States</u>, 130 S. Ct. 2683, 2687 (2010) (quoting 18 U.S.C. § 3582(c)). The Court may, however, lower a sentence, where the "'sentencing range has subsequently been lowered by the Sentencing Commission'" and "'if such a reduction is consistent with' applicable Commission policy statements." <u>Id.</u> (quoting 18 U.S.C. § 3582(c)(2)).

1   The alteration in the sentencing guidelines applicable to Gipson's crimes does not

2   warrant modification of his sentence.  The relevant sentencing guideline changes here lowered

3   Gipson's sentencing range from 151 to 188 down to 121 to 151.  Gipson's sentence continues to

4   be below the guideline range under either the present or 2007 guidelines.  The Court is not

5   persuaded that any goals of the amended sentencing guidelines would be served by a further

6   reduction, particularly since Gipson's sentence remains a departure from the guidelines

7   themselves.  The Court finds this as another basis on which to DENY the motion.

**Conclusion**

The Court DENIES Gipson's motion for modification of his sentence.  The Ninth Circuit has foreclosed any retroactive application of the Fair Sentencing Act, which Gipson urged as the basis for a modification of his sentence.  Gipson is also not entitled to a modification pursuant to § 3582(c)(2) given that his sentence remains below the current guidelines.

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated this 7th day of February, 2012.

Marsha J. Pechman
United States District Judge